■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VERA HORNE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 12, 1973, convicting her of criminal possession of stolen property in the first degree, illegal possession of a vehicle identification number plate, and criminal possession of a forged instrument in the second degree, upon a jury verdict, and sentencing her to a jail term of one year on each of the three counts, the terms to run concurrently. Judgment affirmed. No opinion. The case is remitted to the County Court, Nassau County, for proceedings to direct appellant to surrender herself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Latham, Cohalan and Brennan, JJ., concur; Martuscello, Acting P. J., and Shapiro, J., dissent and vote to modify the judgment, in the exercise of discretion, by reducing the sentence to a period of probation, with the following memorandum: Appellant, a middle-aged woman, had been employed by the Motor Vehicle Bureau of the State of New York for about 13 years. She had a good work record. Her conviction in this case resulted in the loss of her employment. She is divorced and is the primary support of her invalid aged mother who lives with her. Appellant has had no prior involvement with the law. She was released on bail pending her appeal after serving in excess of two weeks of a one-year jail sentence. The probation report indicates that

appellant "would be amenable to probation". In view of appellant's circumstances and the recommendation of the Probation Department, the interests of justice would be served by placing her on probation. The purpose of incarceration is rehabilitation and protection of the public. In this case imprisonment is not necessary to achieve either purpose.